UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES, INC., | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:12-cv-00947-WWE |
| | : |
| RAY WEINER, LLC, | : |
|     Defendant. | : |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff American Management Services, Inc. filed this action against defendant Ray Weiner, LLC seeking to enforce a Florida state court judgment in the amount of $148,221.59. Plaintiff has moved for judgment on the pleadings. For the following reasons, plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff's complaint alleges the following facts.

On or about May 19, 2009, plaintiff and defendant entered into an agreement and executed a contract for plaintiff to perform various business, management and financial consulting services for defendant.

Beginning on or about May 20, 2009, and lasting until July 24, 2009, plaintiff performed its services for the benefit of defendant. Although the services were provided to and accepted by defendant without objection, defendant failed to tender payment in full.

After defendant failed to pay for plaintiff's services, plaintiff filed a civil action in Florida, pursuant to choice of law and personal jurisdiction selection clauses in the contract.[1]

---

[1] The Court takes judicial notice of the state court case, Ninth Judicial Circuit Court in and for Orange County, Florida. Case No: 48-2010-CA-002988-O. Div. 35.

Defendant filed an answer, but it was stricken from the record because it was not filed by an attorney.

Defendant failed to plead or otherwise properly respond, so an order of default was entered in the case. The Florida court entered a final judgment against defendant on January 25, 2012, in the amount of $148,221.59. The final judgment was never appealed and remains unpaid.

Defendant contends that plaintiff's service of process was improper because it was not made by a state marshal, a constable or other proper officer as require by statute. Instead, process was served by an indifferent person, Eric Rubin of Connecticut Process Serving, LLC.

## DISCUSSION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, a court employs the same standard applicable to dismissals pursuant to Rule 12(b)(6). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). In this case, because plaintiff is the moving party, the Court will view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, defendant. See Madonna v. U.S., 878, F.2d 62, 65 (2d Cir. 1989).

Defendant argues that the Florida court did not have personal jurisdiction over it, as service of the Florida complaint on defendant did not comply with the service of process laws of Florida or Connecticut.

Strict compliance with service of process procedures is required in Florida. Baraban v.

Sussman, 439 So. 2d 1046, 1047 (Fla. Dist. Ct. App. 1983); Abbate v. Provident Nat. Bank, 631 So. 2d 312, 315 (Fla. Dist. Ct. App. 1994).  Moreover, "[i]t is well-settled that a judgment entered without valid service is void for lack of personal jurisdiction and may be collaterally attacked at any time.  Alvarado v. Cisneros, 919 So. 2d 585, 587 (Fla. Dist. Ct. App. 2006).

Florida Statutes section 48.194(1) provides that "service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served."

Connecticut General Statutes section 52-50(a) dictates that "[a]ll process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person."  Subsection 52-50(b) allows for service of process by an indifferent person only where more than one defendant is named or in the case of an endangered writ of attachment.  Conn. Gen. Stat. §52-50(b).  Neither of these two exceptions apply here, so process should have been directed to a state marshal, a constable or other proper officer authorized by statute.

Plaintiff denies, without support, that service was improper.  Further, plaintiff contends that any argument as to the sufficiency of service was waived by the attempted appearance of Raymond Weiner, a non-attorney, as Managing Member of Ray Weiner, LLC, by the actual filing, albeit subsequently determined to be invalid as a matter of law, of the answer to the verified Florida complaint.  Accordingly, at first blush, this case seems to turn on whether an invalid attempted appearance and answer by a non-attorney may act as a waiver.

Nevertheless, defendant's stricken state court answer contained affirmative defenses, including that defendant "has not agreed to be subject to jurisdiction in the State of Florida."  See

M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So. 2d 1215, 1215-16 (Fla. 3d DCA 1992) (holding that defendant properly raised affirmative defense of lack of personal jurisdiction at first opportunity as required by Florida Rule of Civil Procedure 1.140(b), regardless of defendant's assertion of other defenses or objections in its answer); Cumberland Software, Inc. v. Great American Mortg. Corp., 507 So. 2d 794, 796 (Fla. 4th DCA 1987) (finding where defendant chose to assert its defense in its answer, rather than by motion, it did not waive its right to challenge the court's jurisdiction).  Even if defendant's stricken answer could be construed as capable of waiving the affirmative defense of lack of jurisdiction, it did not waive such defense. Accordingly, plaintiff's motion for judgment on the pleadings will be denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [doc. # 16] is DENIED.

Dated this 3rd day of February, 2014, at Bridgeport, Connecticut.

/s/
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE